IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW JOSEPH SIMET, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv465 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MEYLAN ENTERPRISES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Filing No. 8, the Motion to Dismiss filed by the defendant, Meylan Enterprises. The plaintiff, Andrew Joseph Simet, brought this action to recover damages arising out of an incident in Arkansas in which one of the defendant's truck drivers fell asleep at the wheel of a Meylan Enterprises truck and caused a traffic accident in which the plaintiff, a co-worker of the driver and a passenger in the vehicle, sustained injuries.

The defendant moves for dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), failure to state a claim on which relief may be granted. As explained by the defendant, the plaintiff, as a former employee of the defendant, recovered an award in the Nebraska Workers' Compensation Court (see attachments to Filing No. 10) which constituted the sole and exclusive liability of the defendant to the plaintiff for the plaintiff's injuries sustained in the vehicle incident in Arkansas. See, e.g., <u>Estate of Coe v. Willmes Trucking, L.L.C.</u>, 689 N.W.2d 318, 325 (Neb.2004):

> Generally, when an employee suffers an injury arising out of and in the course of employment, the [Nebraska Workers' Compensation] Act

> provides the employee's exclusive remedy against the employer .... This was part of the tradeoff between employers and employees that underlies the Act. Under the Act, injured employees can recover benefits even if the employers' negligence did not cause their injury. See [Neb. Rev. Stat.] §§ 48-101 and 48-109 .... In addition, employees can recover benefits, even if the common-law defenses of contributory negligence, the fellow-servant rule, or assumption of the risk would have prevented the employee from recovering damages. [Neb. Rev. Stat.] § 48-102 .... In exchange, the compensation that the employee can recover is statutorily set. See [Neb. Rev. Stat.] § 48-109. This insulates the employer from large damage awards that the employee might have recovered in a common-law action.

(Some citations omitted.) Thus, by virtue of the Nebraska Workers' Compensation Act, the plaintiff may not relitigate any aspect of the defendant's liability in damages for the plaintiff's injuries arising out of the incident in question.

In addition, a federal district court is not an appellate court with any power to review Worker's Compensation Court decisions. Insofar as the plaintiff seeks in this case to challenge, augment or change, even indirectly, the judgment in the Nebraska courts, the "Rooker-Feldman doctrine" bars this court from looking behind a state court judgment, and no relief is available in this court to do so. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486. See also Ballinger v. Culotta, 322 F.3d 546, 548-49 (8th Cir. 2003):

> The Rooker-Feldman doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments."... District courts may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional," ... because "[f]ederal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court," .... A party who was unsuccessful in state court thus "is barred from

2

seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights."... **This jurisdictional bar extends not only to "straightforward appeals but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions**."... **Federal district courts thus may not "exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court**."

(Emphasis added; citations omitted.)

Finally, although the plaintiff spent some time in an Iowa facility, the record indicates that both he and the defendant are citizens of Nebraska. Thus, 28 U.S.C. § 1332 (diversity of citizenship) does not provide a foundation for subject matter jurisdiction in this case, and no other basis for subject matter jurisdiction in federal court is apparent.

THEREFORE, IT IS ORDERED:

1. That Filing No. 8, the Motion to Dismiss filed by the defendant, Meylan Enterprises, is granted; and

2. That judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge